UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUJARAT STATE PETROLEUM CORP. LTD. ET AL.<br><br>Petitioners,<br><br>v.<br><br>REPUBLIC OF YEMEN ET AL,<br><br>Respondents. | Civil Action No.: 19-mc-00547-RA<br><br>Declaration of Gregory M. Starner in support of Motion to Compel Post-Judgment Discovery from Non-Party Federal Reserve Bank of New York |

I, Gregory M. Starner, hereby declare as follows:

1.  I am a member of the bar of this Court and a partner of the law firm of White & Case LLP, counsel for Petitioners Gujarat State Petroleum Corporation Ltd., Alkor Petroo Ltd., and Western Drilling Contractors Private Ltd. (collectively, "Petitioners" or the "Judgment Creditors") in this action. I submit this declaration in support of Petitioners' motion to compel post-judgment discovery from non-party the Federal Reserve Bank of New York (the "New York Fed") and to compel the New York Fed's compliance with Petitioners' January 17, 2020 information subpoena.

2.  On June 29, 2016, Petitioners commenced an action before the United States District Court for the District of Columbia (the "D.C. Action") to confirm an arbitration award against the Republic of Yemen ("Yemen") and the Yemeni Ministry of Oil & Minerals (the "Ministry" and, together with Yemen, the "Judgment Debtors"). *See* D.D.C. Docket No. 16-cv-01383, ECF No. 1.

3.  The Judgment Debtors were served in accordance with 28 U.S.C. 1608(a)(4). *See* D.D.C. Docket No. 16-cv-01383, ECF No. 19 (transmission of State Department confirming service upon Judgment Debtors). Despite being served, the Judgment Debtors did not appear in

the D.C. Action.  As a result, Petitioners moved for a default judgment on June 1, 2018.  *See* D.D.C. Docket No. 16-cv-01383, ECF No. 24.

4. On October 3, 2018, the Honorable Dabney L. Friedrich granted Petitioners' motion for a default judgment and confirmed the arbitration award (the "Default Judgment").  *See* D.D.C. Docket No. 16-cv-01383, ECF No. 26; *accord* 19-mc-00547, ECF No. 1 (registration of judgment).

5. In accordance with 28 U.S.C. 1608(e), Petitioners served the Judgment Debtors with a copy of the Default Judgment, along with a notice of default and translations of the same.  *See* D.D.C. Docket No. 16-cv-01383, ECF No. 35.  According to the State Department's transmission of service, both Yemen and the Ministry were served with a copy of the Default Judgment on June 14, 2019 via diplomatic note.  *Id.*

6. The Judgment Debtors did not appeal the Default Judgment.  Accordingly, Petitioners duly registered the Default Judgment with this Court on November 25, 2019.  *See* ECF No. 1.

7. The Judgment Debtors have not yet made any payment on the Default Judgment.  As a result, Petitioners are entitled to recover the full amount of that award, *i.e.*, $3,788,471.34, plus post-judgment interest running from October 3, 2018 (the date of the Default Judgment).

8. In an effort to enforce the Default Judgment and uncover information concerning the Judgment Debtors' assets, Petitioners served the New York Fed with an information subpoena on January 17, 2020 (the "Information Subpoena").  A true and correct copy of the Information Subpoena is attached hereto as **Exhibit A**.[1]

---

[1] Petitioners initially served the New York Fed with an information subpoena on December 11, 2019, but that subpoena was superseded by the January 11, 2020 Information Subpoena.

9. Among other things, the Information Subpoena sought targeted discovery concerning the Judgment Debtors' assets, accounts and properties – including any assets, accounts and properties belonging to the Judgment Debtors' subdivisions, agencies or instrumentalities, such as the Central Bank of Yemen (the "Central Bank") – known to the New York Fed.

10. The New York Fed responded to the Information Subpoena on February 7, 2020. A true and correct copy of the New York Fed's response to the Information Subpoena is attached hereto as **Exhibit B**.

11. In its response, the New York Fed acknowledged that it holds accounts on behalf of the Central Bank but refused to provide information about those accounts because the Central Bank is not a judgment debtor. The New York Fed further refused to provide discovery on the ground that the accounts of the Central Bank are immune from execution under the Foreign Sovereign Immunities Act.

12. Petitioners sent a letter to the New York Fed on May 29, 2020, attempting to address the New York Fed's objections. The letter also included two exhibits demonstrating that the Ministry repeatedly used the Central Bank's accounts at the New York Fed. A true and correct copy of that letter, including its exhibits, is attached hereto as **Exhibit C**.

13. The New York Fed responded to Petitioners' letter on June 19, 2020. In its response, the New York Fed still refused to respond to the Information Subpoena insofar as it sought information concerning the Central Bank's accounts. The New York Fed further alleged that it had been operating as an intermediary bank when processing transactions involving the Ministry and the Central Bank and refused to provide discovery on that basis. A true and correct copy of the New York Fed's June 19, 2020 letter is attached hereto as **Exhibit D**.

14. The parties held a telephonic meet-and-confer on June 25, 2020, during which Petitioners requested that the New York Fed produce evidence substantiating its alleged status as an intermediary bank for the transactions in question.

15. The New York Fed sent a letter to Petitioners on July 3, 2020, but failed to produce any evidence in support of its claimed intermediary status. Instead, the New York Fed simply "confirmed" its prior position and refused to respond to the Information Subpoena on the same grounds. A true and correct copy of the July 3, 2020 letter from the New York Fed is attached hereto as **Exhibit E**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 21, 2020
New York, N.Y.

*/s/ Gregory M. Starner*
Gregory M. Starner