# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUJARAT STATE PETROLEUM CORPORATION LTD., ALKOR PETROO LTD., and WESTERN DRILLING CONTRACTORS PRIVATE LTD.

Judgment Creditor,

-against-

REPUBLIC OF YEMEN, and YEMENI MINISTRY OF OIL AND MINERALS

Judgment Debtors.

Civil Action No. 19-mc-00547

**INFORMATION SUBPOENA WITH RESTRAINING NOTICE**

To: Federal Reserve Bank of New York
33 Liberty Street, New York, N.Y. 10045
c/o John Oster, Esq.

**WHEREAS**, in an action in the United States District Court for the District of Columbia, between Gujarat State Petroleum Corporation Ltd., Alkor Petroo Ltd., and Western Drilling Contractors Private Ltd. (collectively, "Petitioners" or "Judgment Creditors"), and the Republic of Yemen and the Yemeni Ministry of Oil and Minerals (collectively, "Respondents" or "Judgment Debtors"), a judgment was entered in the District Court for the District of Colombia on October 3, 2018 in favor of Petitioners in the amount of $3,788,471.34 and registered in the District Court for the Southern District of New York on November 25, 2019, and this amount, along with post-judgment interest that has accrued thereon since October 3, 2018, remains due and unpaid;

**NOW, THEREFORE, WE COMMAND YOU**, pursuant to Federal Rule of Civil Procedure 69 and Rule 5224 of the N.Y. Civil Practice Law and Rules ("CPLR"), to have an

officer, director, agent or employee of the Federal Reserve Bank of New York, having knowledge of the information herein requested, answer the questions attached herein as **ATTACHMENT NO. 1** in writing under oath, each question to be answered separately and fully, using additional sheets appended if necessary, and return the original of the questions together with the answers to the undersigned in the prepaid addressed return envelope accompanying this subpoena within **seven (7) days** of their receipt.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as contempt of court.

**CPLR 5224 Certification**

I, undersigned counsel, hereby certify that this information subpoena complies with Rule 5224 of the CPLR and Section 601 of the N.Y. General Business Law, and that I have a reasonable belief that the party receiving this subpoena has in its possession information about the debtor that will assist the creditor in collection of the judgment.

* * *

**RESTRAINING NOTICE**

**WHEREAS**, upon information and belief, it appears that you owe a debt to the Judgment Debtors or are in possession or custody of property in which the Judgment Debtors have an interest, including, but not limited to bank accounts, deposits, and/or depository accounts owned or controlled by, or for the benefit of, the Republic of Yemen, the Yemeni Ministry of Oil and Minerals, or any subdivisions, agencies or instrumentalities of the Republic of Yemen or the Yemini Ministry of Oil and Minerals – including, but not limited to, bank accounts, deposits, and/or depository accounts owned or controlled by, or for the benefit of, The Central Bank of Yemen;

**TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the CPLR, which is set forth herein and made applicable by Federal Rule of Civil Procedure 69, you are hereby forbidden to make or suffer any sale, assignment, transfer, or interference with any such property, or pay over or otherwise dispose of any such property or debt, except as provided therein;

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

**CIVIL PRACTICE LAW AND RULES**

Section 5222(b) – Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

Dated: January 17, 2020
New York, NY

White & Case LLP

By: */s/ Gregory M. Starner*

Gregory M. Starner
gstarner@whitecase.com
Christopher D. Volpe
christopher.volpe@whitecase.com
1221 Ave of the Americas
New York, New York 10020
(212) 819-8839

*Attorneys for Judgment Creditors*

**ATTACHMENT NO. 1: INFORMATION SUBPOENA**

Re: *Gujarat State Petroleum Corporation Ltd. et al v. Republic of Yemen et al*, Southern District of New York Case No. 19-mc-00547.

STATE OF ______________, COUNTY OF ____________

____________, being sworn, deposes and says: that deponent is the _____________ of _______________________, recipient of an information subpoena herein and of the questions accompanying said subpoena. The answers set forth are made from information obtained from records of the recipient and accord with the Definitions and Instructions listed in the attached **Schedule A**.

1. List any and all accounts held by, or for the benefit of, Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any and all accounts held by, or for the benefit of, The Central Bank of Yemen – with the Federal Reserve Bank of New York ("**YOU**") within the last five years, including the date such accounts were opened, the present value of such accounts, the contents of such accounts, the account numbers for such accounts, and the last recorded transaction for such accounts.

2. Identify and state the current value of any and all monies, investments, assets and/or other property being held by or for the benefit of Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including the value of any and all monies, investments, assets and/or other property held by or for the benefit of The Central Bank of Yemen – with You as of January 17, 2020.

3. List each account, asset, obligation and liability of the Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any accounts, assets, obligations and liabilities of The Central Bank of Yemen – whether or not held by You, known to You as of January 17, 2020, including the holder and location of each such account, asset, obligation and liability.

4. For the last five years, state whether there are or have been any bank, brokerage or trust accounts in the name of or for the benefit of Yemen or the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any bank, brokerage or trust accounts held in the name of, or for the benefit for, The Central Bank of Yemen – and/or whether there exist any bank, brokerage or trust accounts in which Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry (including The Central Bank of Yemen) have or had an interest, whether under their own name or that of a nominee or other interested entity. For each such account, state the name and address of the bank where the account is/was located, the account number, the date the account was opened, the amounts presently on deposit, and the date the account closed (if applicable):

| BANK | ACCT NO. | DATE OPENED | AMOUNT ON DEPOSIT | DATE CLOSED |
| --- | --- | --- | --- | --- |

5. If you have identified any accounts in Question 4, identify the name and title of any individual with access to these accounts.

6. State the name and address of any person or entity known to You that is holding property, funds, or other assets as a nominee, owner, holder, debtor, or custodian for Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any person or entity holding property, funds, or other assets as a nominee, owner, holder, debtor or custodian for The Central Bank of Yemen.

7. If You have identified any accounts held by or on behalf of Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry (including The Central Bank of Yemen) in response to Questions 1 - 6, identify the source of any money, funds or assets held in such accounts, including the name and, if

applicable, address of any banks, accounts, or entities that have transferred or deposited money, funds, or assets into such accounts within the last five (5) years;

8. If You have identified any accounts held by or on behalf of Yemen, the Ministry, or any subdivisions, agencies, or instrumentalities of Yemen or the Ministry (including The Central Bank of Yemen) in Questions 1 - 6, list the following information relating to all transactions – including any withdrawals, deposits, or transfers – pertaining to such accounts in the last five years:

   a. The date of each transaction;

   b. The source or destination of the money, funds or assets involved in each transaction;

   c. Any other parties involved in each transaction, including any intermediary banks through which the transaction occurred;

d. The purported or intended use of any money, funds or assets involved in each transaction.

Sworn to before on ________________ 2020

________________________________________________

The name signed must be printed beneath

**SCHEDULE A TO INFORMATION SUBPOENA**
**DEFINITIONS AND INSTRUCTIONS**

1. Unless otherwise noted, the time period for each question in the Information Subpoena shall be from January 1, 2015 to the present.
2. "You" or "Your" means the Federal Reserve Bank of New York as well as any attorney, affiliate, alter ego, agent, nominee, custodian, or representative of the Federal Reserve Bank of New York.
3. "Yemen" means The Republic of Yemen and any of its subdivisions, agencies, or instrumentalities including, but not limited to, Yemen's central bank, The Central Bank of Yemen.
4. The "Ministry" means the Yemeni Ministry of Oil and Minerals.
5. This Information Subpoena applies to information contained within all documents in your possession, custody or control, regardless of whether such documents are held by you or your affiliates, designees, alter egos, agents, managers, employees, representatives, attorneys, custodians, nominees, or any other person.
6. In the event that you contend that any part of the requests in the Information Subpoena are objectionable, in whole or part, state with particularity each such objection and the bases thereof, and respond to the remainder of the request to the extent that you are not objecting to it.