# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUJARAT STATE PETROLEUM CORPORATION LTD., ALKOR PETROO LTD., and WESTERN DRILLING CONTRACTORS PRIVATE LTD.,<br><br>       Judgment Creditors,<br><br>    -against-<br><br>REPUBLIC OF YEMEN, and YEMENI MINISTRY OF OIL AND MINERALS,<br><br>       Judgment Debtors. | Civil Action No. 19-mc-00547 |

**FEDERAL RESERVE BANK OF NEW YORK'S RESPONSES AND OBJECTIONS TO JUDGMENT CREDITORS' INFORMATION SUBPOENA WITH RESTRAINING NOTICE**

  Pursuant to the Federal Rules of Civil Procedure, the Federal Reserve Bank of New York (the "New York Fed"), by its attorneys, responds here to Judgment Creditors' Information Subpoena With Restraining Notice dated January 17, 2020 (the "Information Subpoena").

  The New York Fed's responses to the Information Subpoena are made without prejudice to, and without waiving or intending to waive, but to the contrary, intending to preserve and preserving: (a) the right to object on any proper ground to the use of any information in these responses, for any purpose, in whole or in part, in any subsequent proceeding or in the trial of this or any other action; (b) the right to object on any proper ground, at any time, to other discovery requests or proceedings involving or relating to the subject of the Information Subpoena; and (c) the right to supplement this response.

These responses are made to the best of the New York Fed's knowledge, information, and belief as of the time the responses are made.

## GENERAL OBJECTIONS

1. The New York Fed objects to the Information Subpoena to the extent it exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 69.

2. The New York Fed objects to the Information Subpoena to the extent it seeks information about accounts held at other financial institutions or calls for the production of documents that could be sought from, and more easily obtained through, the parties in the above-captioned matter or other sources, including, without limitation, the Republic of Yemen.

3. The New York Fed objects to the Information Subpoena to the extent it seeks information that is not relevant to the claims or defenses in these proceedings or proportional to the needs of the case.

4. The New York Fed objects to the Information Subpoena to the extent it seeks information about accounts or assets held by entities other than the Judgment Debtors.

5. The New York Fed objects to the Information Subpoena to the extent it would require the New York Fed to provide an analysis of information in its possession, custody, or control, rather than simply providing the information itself.

6. The New York Fed objects to the Information Subpoena as vague, ambiguous, overly broad and unduly burdensome.

7. The New York Fed objects to the Information Subpoena to the extent it seeks the production of confidential, nonpublic, competitively sensitive business information, financial

data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.

8. The New York Fed objects to the Information Subpoena to the extent it would require the production of documents or information in respect of which the New York Fed owes a duty of nondisclosure to a third party, or as to which disclosure is restricted by law, including without limitation any laws relating to personal data, privacy, and/or confidential supervisory information.

9. The New York Fed objects to the Information Subpoena to the extent it seeks information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

10. The New York Fed objects to the Information Subpoena to the extent it seeks information that is subject to any applicable privilege, including but not limited to the attorney client privilege, the work product doctrine, the bank examination privilege, or the deliberative process privilege.

## SPECIFIC OBJECTIONS AND RESPONSES

In addition to its General Objections, the New York Fed asserts the Specific Objections set forth below. By stating these Specific Objections, the New York Fed does not waive any of its General Objections, which are incorporated herein. Subject to the foregoing, the New York Fed states the following:

**QUESTION 1:**

**List any and all accounts held by, or for the benefit of, Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any and all accounts held by, or for the benefit of, The Central Bank of Yemen – with the Federal Reserve Bank of New York ("YOU") within the last five years, including**

**the date such accounts were opened, the present value of such accounts, the contents of such accounts, the account numbers for such accounts, and the last recorded transaction for such accounts.**

RESPONSE:  The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, or that could be sought from, or more easily obtained through, the parties to this action or other sources.  The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law.  The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed states that there have been no accounts at the New York Fed held by, or for the benefit of, the Republic of Yemen or the Yemeni Ministry of Oil and Minerals within the last five years.  The New York Fed maintains accounts held in the name of the Central Bank of Yemen, which are held for its own account.  *See* Letter from Irene R. Gee to Gregory M. Starner & Christopher D. Volpe (Jan. 27, 2020).  Funds held in an account of a central bank "in the name of a central bank or monetary authority" are presumptively immune from attachment, *NML Capital Ltd. v. Banco Central de la República Argentina*, 652 F.3d 172, 197 (2d Cir. 2011), and not properly

the subject of the discovery sought, *see EM Ltd. v. Banco Central de la República Argentina*, 800 F.3d 78, 89 (2d Cir. 2015) ("[T]he Supreme Court created a presumption that 'government instrumentalities established as juridical entities distinct and independent from their sovereign should normally be treated as such.'") (quoting *First Nat'l City Bank v. Banco Para el Comercio Exterior de Cuba (Bancec)*, 462 U.S. 611, 626–27 (1983)); *Seijas v. Republic of Argentina*, 502 Fed. Appx. 19, 21–22 (2d Cir. 2012) (affirming denial of discovery over entity other than the judgment debtor where plaintiffs failed "to demonstrate a reasonable basis for not according [third-party entity] the presumption of separate legal identity"); *NML Capital, Ltd. v. Republic of Argentina*, No. 12-mc-80185 (JSW), 2015 WL 7731779, at *4 (N.D. Cal. Dec. 1, 2015) (same).

**QUESTION 2:**

**Identify and state the current value of any and all monies, investments, assets and/or other property being held by or for the benefit of Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including the value of any and all monies, investments, assets and/or other property held by or for the benefit of the Central Bank of Yemen – with You as of January 17, 2020.**

RESPONSE:  The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, or that could be sought from, or more easily obtained through, the parties to this action or other sources.  The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law.  The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New

5

York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed states that no monies, investments, assets or other property was held at the New York Fed by, or for the benefit of, the Republic of Yemen or the Yemeni Ministry of Oil and Minerals as of January 17, 2020 and incorporates its response to Question 1.

**QUESTION 3:**

**List each account, asset, obligation and liability of the Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any accounts, assets, obligations and liabilities of The Central Bank of Yemen – whether or not held by You, known to You as of January 17, 2020, including the holder and location of each such account, asset, obligation and liability.**

RESPONSE:  The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, or that could be sought from, or more easily obtained through, the parties to this action or other sources.  The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law.  The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts

or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed incorporates its responses to Questions 1 and 2.

**QUESTION 4:**

**For the last five years, state whether there are or have been any bank, brokerage or trust accounts in the name of or for the benefit of Yemen or the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any bank, brokerage or trust accounts held in the name of, or for the benefit for, The Central Bank of Yemen – and/or whether there exist any bank, brokerage or trust accounts in which Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry (including The Central Bank of Yemen) have or had an interest, whether under their own name or that of a nominee or other interested entity.  For each such account, state the name and address of the bank where the account is/was located, the account number, the date the account was opened, the amounts presently on deposit, and the date the account closed (if applicable).**

<u>RESPONSE:</u>  The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, that could be sought from, or more easily obtained through, the parties to this action or other sources, or that is not known to the New York Fed. The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law. The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment

or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed incorporates its responses to Questions 1 and 2.

**QUESTION 5:**

**If you have identified any accounts in Question 4, identify the name and title of any individual with access to these accounts.**

RESPONSE: The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, that could be sought from, or more easily obtained through, the parties to this action or other sources, or that is not known to the New York Fed. The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law. The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed incorporates its responses to Questions 1 and 2.

**QUESTION 6:**

**State the name and address of any person or entity known to You that is holding property, funds, or other assets as a nominee, owner, holder, debtor or custodian for Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry – including any person or entity holding property, funds, or other assets as a nominee, owner, holder, debtor or custodian for The Central Bank of Yemen.**

RESPONSE:  The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, or that could be sought from, or more easily obtained through, the parties to this action or other sources.  The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law.  The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed incorporates its responses to Questions 1 and 2.

**QUESTION 7:**

**If You have identified any accounts held by or on behalf of Yemen, the Ministry, or any subdivisions, agencies or instrumentalities of Yemen or the Ministry (including The Central Bank of Yemen) in response to Questions 1-6, identify the source of any money, funds or assets held in such accounts, including the name and, if applicable, address of any banks, accounts, or entities that have transferred or deposited money, funds, or assets into such accounts within the last five (5) years.**

RESPONSE: The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, that could be sought from, or more easily obtained through, the parties to this action or other sources, or that is not known to the New York Fed. The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law.  The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed incorporates its responses to Questions 1 and 2.

**QUESTION 8:**

**If You have identified any accounts held by or on behalf of Yemen, the Ministry, or any subdivisions, agencies, or instrumentalities of Yemen or the Ministry (including The Central Bank of Yemen) in Questions 1-6, list the following information relating to all transactions – including any withdrawals, deposits, or transfers – pertaining to such accounts in the last five years: (a) The date of each transaction; (b) The source or destination of the money, funds or assets involved in each transaction; (c) Any other parties involved in each transaction, including any intermediary banks through which the transaction occurred; (d) The purported or intended use of any money, funds or assets involved in each transaction.**

RESPONSE: The New York Fed objects to this request as vague, ambiguous, overly broad, unduly burdensome, and to the extent it seeks the disclosure of information about accounts held at other financial institutions, that could be sought from, or more easily obtained through, the parties to this action or other sources, or that is not known to the New York Fed. The New York Fed further objects to this request as seeking confidential, nonpublic, competitively sensitive business information, financial data, proprietary knowledge, trade secrets, or private financial or otherwise confidential documents.  The New York Fed further objects to this request to the extent it seeks documents or information for which the New York Fed owes a duty of nondisclosure to a third party or as to which disclosure is restricted by law. The New York Fed further objects to this request as seeking documents or information about entities other than the Judgment Debtors.  The New York Fed further objects to this request as seeking documents or information regarding accounts or assets that are immune from attachment or execution under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 *et seq.*, including but not limited to 28 U.S.C. § 1611(b)(1).

Subject to and preserving the foregoing General and Specific Objections, the New York Fed incorporates its responses to Questions 1 and 2.

Dated:  February 7, 2020

/s/  *Meghann E. Donahue*
Meghann E. Donahue
John Oster
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045
Tel. (212) 720-2718
meghann.donahue@ny.frb.org
john.oster@ny.frb.org