# Exhibit D

# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**MEGHANN E. DONAHUE**
VICE PRESIDENT AND
ASSOCIATE GENERAL COUNSEL

June 19, 2020

**BY EMAIL**

Mr. Gregory M. Starner
Mr. Christopher Volpe
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
gstarner@whitecase.com
christopher.volpe@whitecase.com

Re: *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, 19-mc-00547 (S.D.N.Y.)

Dear Messrs. Starner and Volpe:

    I write in response to your May 29, 2020 letter concerning the January 17, 2020 Information Subpoena With Restraining Notice ("Subpoena") served on the Federal Reserve Bank of New York ("New York Fed") by your clients, judgment creditors in the above-captioned action. The New York Fed maintains its objections to the Subpoena.

    Your clients fail to make any credible allegation of alter ego or otherwise establish a basis upon which they would be entitled to discovery from the New York Fed of a sovereign third-party entity that is presumptively distinct from the judgment debtors. You assert that the broad "discovery concerning the Central Bank of Yemen's accounts with the FRBNY" sought by the Subpoena "is plainly warranted" in light of documentation you provided. You claim these documents "make[] clear that the Yemeni Ministry of Oil & Minerals has deposited over six million dollars into the Central Bank of Yemen's account with the FRBNY over a span of five years." The enclosed exhibits, however, do not show any such deposits made by the Ministry, nor any evidence that the Yemeni Ministry of Oil and Minerals owned or controlled accounts in any entity's name but its own.

    The May 29 exhibits simply show routing information and payment orders for wire transfers — each of which appear to date well before the 2015-2020 time period covered by the Subpoena — in which the New York Fed acted as an intermediary bank to process funds transfers in U.S. dollars. Funds transfers "are neither the property of the originator nor the

FEDERAL RESERVE BANK *of* NEW YORK

Messrs. Starner and Volpe
June 19, 2020
2

beneficiary while briefly in the possession of an intermediary bank." *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte. Ltd.*, 585 F.3d 58, 71 (2d Cir. 2009).

The May 29 exhibits state the funds transferred are to be credited to accounts in the name of the funds transfer beneficiary, the Yemeni Ministry of Oil and Minerals, held at the Central Bank of Yemen, Sanaa, the beneficiary bank. *See, e.g.*, May 29 Ex. 1 ("For onward credit to: *Ministry of Oil and Minerals Accounts*") (emphasis added); *id.* (referencing multiple "MOM A/C No[s]"); May 29 Ex. 2, at 2 (instructing payment to "Central Bank of Yemen, Sanaa Branch" "[f]or further credit to: *Ministry of Oil & Mineral Accounts*," followed by specific account number) (emphasis added). None of the payment instructions directs deposits for ultimate credit to accounts in the name of the Central Bank of Yemen itself, let alone to the Central Bank of Yemen's accounts at the New York Fed. The New York Fed has never held any accounts in the name of, or for the benefit of, the Republic of Yemen or the Yemeni Ministry of Oil and Minerals.

The New York Fed maintains accounts held in the name of the Central Bank of Yemen, which are held for the Central Bank's own account. *See* Responses & Objections (Feb. 7, 2020), at 4 (citing Letter from Irene R. Gee (Jan. 27, 2020)). The payment activity reflected in the May 29 exhibits appears to be routine central banking activity as that term is normally understood. *See, e.g., NML Capital, Ltd. v. Banco Central de la República Argentina*, 652 F.3d 172, 192 (2d Cir. 2011) (Argentina's central bank "charged by statute with . . . acting as the Republic's financial agent and as depository and agent for the Republic before international monetary, banking, and financial entities," which are "all traditional activities of central banks") (internal quotation marks and citation omitted). As a result, judgment creditors have yet to demonstrate any basis for not according the Central Bank of Yemen the routine presumption of separate legal identity. The discovery sought is improper. *See id.* at 4–5 (citing authority); *compare First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 50–51 (2d Cir. 2002) (explaining why district court ordered discovery of Rafidain Bank — the *judgment debtor* and a party to the action —including as to whether the Central Bank of Iraq was its alter-ego, but did not compel discovery of the Central Bank of Iraq itself).

FEDERAL RESERVE BANK *of* NEW YORK

Messrs. Starner and Volpe
June 19, 2020
3

The New York Fed is available to meet and confer on Thursday, June 25, from 9:30am – 11:00am, or 3:30pm – 5:00pm, or on Monday, June 29, before 3:00pm.

Sincerely,

/s/ Meghann E. Donahue

Meghann E. Donahue
Vice President and
 Associate General Counsel