# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**MEGHANN E. DONAHUE**
VICE PRESIDENT AND
ASSOCIATE GENERAL COUNSEL

September 24, 2020

**BY ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, 19-mc-00547 (RA)

Dear Judge Abrams:

I represent the Federal Reserve Bank of New York ("New York Fed") in the above-referenced matter. I write in response to the judgment creditors' September 21, 2020 motion to compel post-judgment discovery from the New York Fed of "any assets and accounts held by the Central Bank of Yemen." Judgment Creditors' Br. 1 (ECF No. 9); *see* ECF Nos. 8–10 ("Motion").

Judgment creditors are oil companies seeking to collect an arbitration award in a commercial dispute against judgment debtors, the Republic of Yemen and the Yemeni Ministry of Oil and Minerals. The New York Fed, an operating arm of the nation's central bank, is not a party to this action. The New York Fed provides banking services to foreign central banks, including the Central Bank of Yemen, also a non-party to this action.

Judgment creditors have served the New York Fed with two Information Subpoenas With Restraining Notices. The first, dated December 11, 2019, concerned accounts or assets of the Republic of Yemen and the Yemeni Ministry of Oil and Minerals. The New York Fed timely responded that it maintains no accounts, money, or other assets or property held by, or for the benefit of, the judgment debtors. The second, dated January 17, 2020, sought the same information — and ordered restraint of funds pursuant to N.Y. C.P.L.R. § 5222(b) — for an entirely different sovereign entity, distinct from the judgment debtors: the Central Bank of Yemen. The New York Fed again timely responded and, since then, has explained its discovery

FEDERAL RESERVE BANK *of* NEW YORK

Hon. Ronnie Abrams
September 24, 2020
2

objections thoroughly to the judgment creditors, both orally and in writing.  The January 17 subpoena is the subject of the Motion.

      On September 22, 2020, the New York Fed contacted Chambers to inform the Court it intends to oppose the Motion and objects to the discovery sought.  *See* Individual Rules & Practices in Civil Cases, Ronnie Abrams, U.S.D.J. (Feb. 6, 2020) ¶ 3.[1]  Chambers instructed the New York Fed to submit a letter indicating how much time it would need to respond to the Motion.  I subsequently contacted counsel for the judgment creditors.  We have jointly agreed, and respectfully request, that the New York Fed be allowed until October 30, 2020 to submit its opposition to the Motion, and that judgment creditors be given until November 13, 2020 to reply.

| | |
|---|---|
| Application granted.<br><br>SO ORDERED.<br><br>_____<br>Hon. Ronnie Abrams<br>10/5/2020 | Respectfully submitted,<br><br>/s/ Meghann E. Donahue<br><br>Meghann E. Donahue<br>Vice President and<br>  Associate General Counsel |

---

[1] While judgment creditors moved pursuant to, *inter alia*, Rules 26 and 37 of the Federal Rules of Civil Procedure, they did not request a pre-motion conference, *see* Local Civil R. 37.2, instead filing complete motion papers.