UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GUJARAT STATE PETROLEUM CORPORATION LTD., ALKOR PETROO LTD., and WESTERN DRILLING CONTRACTORS PRIVATE LTD., <br><br>      Judgment Creditors, <br><br>-against- <br><br>REPUBLIC OF YEMEN, and YEMENI MINISTRY OF OIL AND MINERALS, <br><br>      Judgment Debtors. | Civ. No. 19-mc-00547 (RA) |

---

### [PROPOSED] STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION PRODUCED BY NON-PARTY FEDERAL RESERVE BANK OF NEW YORK

  **WHEREAS**, on July 10, 2015, Judgment Creditors obtained an ICC International Court of Arbitration award against Judgment Debtors, the Republic of Yemen and the Yemeni Ministry of Oil and Minerals, in the amount of $3,788,471.34;

  **WHEREAS,** on June 29, 2016, Judgment Creditors sought to confirm the award in the United States District Court for the District of Columbia, and on October 3, 2018, the District Court for the District of Columbia entered a judgment in favor of Judgment Creditors in the amount of $3,788,471.34, which has not been satisfied;

  **WHEREAS**, on November 25, 2019, Judgment Creditors registered the judgment with this Court;

**WHEREAS**, in furtherance of satisfying their judgment, Judgment Creditors served an Amended Information Subpoena on the Federal Reserve Bank of New York (the "New York Fed") on or about June 2, 2022 (the "Information Subpoena");

**WHEREAS,** the New York Fed acts as the international operating arm for the Federal Reserve System (the nation's central bank), and, as such, maintains accounts for, *inter alia*, foreign governments, central banks, and monetary authorities;

**WHEREAS,** the New York Fed represents that its customers' account information is confidential, including because it contains or comprises trade secrets or information that constitutes commercial, financial, or other nonpublic information that is privileged or confidential;

**WHEREAS,** the Information Subpoena seeks from the New York Fed information that contains confidential customer account information;

**THEREFORE,** Judgment Creditors and the New York Fed request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rules of Evidence 502(d), (e) to protect the confidentiality of this and other nonpublic information that the New York Fed may need to disclose in connection with discovery in this action, as well as privileged information;

**IT IS HEREBY ORDERED** that Judgment Creditors and New York Fed, including, *inter alia*, their respective officers, agents, employees, attorneys, experts, and consultants, and all other interested persons with actual or constructive notice of this Order, will adhere to the following terms:

1.  This Stipulation and Order for the Protection and Exchange of Confidential Information (the "Protective Order") shall govern the handling of confidential information

provided by the New York Fed to Judgment Creditors in response to discovery requests in this action, including the Information Subpoena and any other discovery requests (collectively, the "Confidential Information").

2.  Judgment Creditors shall not disclose any Confidential Information except as provided for herein.

## DESIGNATION

3.  Any Confidential Information shall be designated as such by the New York Fed by stamping or otherwise clearly marking it as "Confidential." If the New York Fed believes in good faith that certain Confidential Information contains particularly sensitive financial information that would not be sufficiently protected by a "Confidential" designation, the New York Fed may designate that information "Attorneys' Eyes Only."

4.  If at any time before the termination of this action the New York Fed determines that it inadvertently failed to designate Confidential Information as "Confidential" or "Attorneys' Eyes Only" that it previously produced without such limitation, the New York Fed may so designate such material by notifying Judgment Creditors in writing. Thereafter, upon receipt of such writing, all persons subject to this Protective Order will treat such Confidential Information as designated. The New York Fed shall promptly produce new copies of the Confidential Information at issue, with the proper designation, after which Judgment Creditors shall promptly destroy the copies with the improper designation.

5.  Judgment Creditors may request that Confidential Information designated as "Attorneys' Eyes Only" be redesignated as solely "Confidential," or object to a designation of "Confidential" or "Attorneys' Eyes Only" by serving upon counsel for the New York Fed a written notice stating with particularity the grounds of the redesignation request or objection.

Judgment Creditors and the New York Fed shall thereafter meet and confer and, if they cannot reach agreement promptly after their meet and confer, shall address their dispute to this Court within five (5) business days from the date of the meet and confer.  The document or information that is the subject of the dispute shall be treated in accordance with the New York Fed's designation pending resolution of the dispute.

## PRIVILEGED DOCUMENTS AND INFORMATION

6.     The production of any privileged or work-product protected documents, electronically stored information ("ESI") or information, regardless of medium, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding and shall not constitute an estoppel as to any claim of such privilege or protection.  Judgment Creditors shall, upon learning that such materials are subject to a claim of privilege, promptly return such materials and all copies thereof to the New York Fed.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rules of Evidence 502(d) and (e).

7.     Nothing contained herein is intended to or shall serve to limit the New York Fed's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected or nonresponsive information before production.

## USE

8.     Any person receiving Confidential Information pursuant to this Protective Order may use it only in connection with the conduct of the above-captioned action, or in aid of judgment or execution of Judgment Creditors' July 10, 2015 arbitral award, and for no other purpose, including, for avoidance of doubt, in connection with any other litigation or adversarial

proceeding unrelated to the Judgment Creditors' July 10, 2015 arbitral award.

9. Judgment Creditors may not disclose Confidential Information to third parties, subject to the terms of this protective order or as otherwise directed by a court of competent jurisdiction. Confidential Information designated as "Confidential" may be disclosed by Judgment Creditors only to those of their officers, directors, employees, and counsel, including any paralegal, clerical, data processing, or other assistant that such counsel employs and assigns to this matter, to whom disclosure is reasonably necessary. Confidential Information designated as Attorneys' Eyes Only may be disclosed only to Judgment Creditors' external and in-house counsel, including any paralegal, clerical, data processing, or other assistant that such counsel employs and assigns to this matter, to whom disclosure is reasonably necessary. In all circumstances, Judgment Creditors and/or their counsel shall provide a copy of this Protective Order to all persons to whom Confidential Information is disclosed.

10. Consistent with Rule 5 of the Individual Rules & Practices in Civil Cases, Ronnie Abrams, U.S.D.J., Judgment Creditors and the New York Fed agree to redact Confidential Information from public court filings, specifically financial account numbers [using the last four digits only] and other Confidential Information that contains financial information, proprietary or trade secret information, and to follow, as applicable, the procedures set forth in Rule 5 for filing sealed or redacted documents. Judgment Creditors agree that they will provide at least five business days' notice to the New York Fed if they seek to file Confidential Information publicly without redaction in this Court or in any subsequent enforcement proceeding involving Judgment Creditors' July 10, 2015 arbitral award, so that the New York Fed may, if necessary or appropriate, raise objections to the intended disclosure.

11. All Confidential Information and all copies thereof shall be destroyed, and, at the request of the New York Fed, certified to the New York Fed as having been destroyed, or returned to counsel for the New York Fed, within thirty (30) days after satisfaction of Judgment Creditors' July 10, 2015 arbitral award and/or completion of any enforcement proceedings involving Judgment Creditors' July 10, 2015 arbitral award; provided, however, that counsel for each party may maintain in its files unredacted work papers and versions of pleadings, briefs and other documents filed with the Court that contain or constitute Confidential Information, and such briefs and other papers shall remain subject to the terms and conditions of this Protective Order.

12. Nothing in this Protective Order shall be construed to prohibit Judgment Creditors from producing Confidential Information in their possession pursuant to a subpoena, order or other official request issued by any court, provided that Judgment Creditors shall (i) give the New York Fed notice of such subpoena, order or request promptly in writing or by telephone; (ii) furnish the New York Fed with a copy of such subpoena, order or request; and (iii) give the New York Fed sufficient advance notice of any intended disclosure so that the New York Fed may, if necessary or appropriate, raise objections to the intended disclosure. Judgment Creditors shall not produce any of the Confidential Information for a period of at least five business days after providing the required notice to the New York Fed, as to a subpoena, order, or request issued in connection with a domestic proceeding, and a period of at least ten business days, as to a subpoena, order, or request issued in connection with a foreign proceeding, unless the subpoena, order or request requires production on an earlier date.

**GENERAL PROVISIONS**

13. Each person who has access to Confidential Information pursuant to this Order

must take all due precautions to prevent the unauthorized or inadvertent disclosure of such information.  Judgment Creditors and their counsel agree that they maintain information security protocols that include reasonable administrative, technical, and physical safeguards to protect the security and confidentiality of Confidential Information provided, protect against any reasonably anticipated threats or hazards to the security of such information, and protect against unauthorized access to, or use of, Confidential Information.  If Judgment Creditors discover a breach of security, including any actual or suspected unauthorized access relating to Confidential Information, Judgment Creditors and the New York Fed agree to cooperate reasonably concerning such breach.  Judgment Creditors shall promptly provide written notice to counsel for the New York Fed of such breach and provide information about the breach sufficient for the New York Fed to reasonably ascertain the size and scope of the breach with regard to the Confidential Information.  Judgment Creditors shall promptly take reasonable corrective action to terminate the unauthorized access.

14. After the conclusion of the above-captioned action, this Protective Order shall continue to be binding upon the signatories thereto, and upon all persons to whom Confidential Information has been disclosed or communicated.

15. Nothing in this Protective Order shall be construed as an agreement or acknowledgment by the Judgment Creditors that any document or other information designated as "Confidential" or "Attorneys' Eyes Only" (as those phrases are defined above) constitutes a trade secret or is in fact confidential.  Judgment Creditors agree and acknowledge, however, that all documents or information so designated shall be treated by them in accordance with the New York Fed's designation, and the terms of this Protective Order, absent Judgment Creditors seeking relief as set forth in Paragraph 5.

Dated: New York, New York
July 5, 2022

| | |
|---|---|
| */s/ Gregory M. Starner* | */s/ Meghann E. Donahue* |
| Gregory M. Starner | Meghann E. Donahue |
| | |
| White & Case LLP | meghann.donahue@ny.frb.org |
| gstarner@whitecase.com | 33 Liberty Street |
| 1221 Avenue of the Americas | New York, NY 10045 |
| New York, NY 10020 | (212) 270-2718 |
| (212) 819-8839 | |
| | Counsel for Federal Reserve Bank of New York |
| Counsel for Judgment Creditors | |

SO ORDERED this  6th  day of  July  2022.

_____
Hon. Ronnie Abrams, U.S.D.J.

8